IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AGCS MARINE INSURANCE COMPANY, | CIVIL NO. **18-cv-1951** |
| *Plaintiff*, | |
| v. | DAMAGES, BREACH OF FIDUCIARY DUTY, |
| FONT INSURANCE, INC.; MANUEL J. FONT-ORONÓZ, JANE DOE AND THE CONJUGAL PARTNERSHIP FORMED BY THEM; ABC INSURANCE COMPANY; and DEFENDANTS A AND B. | CONTRIBUTION AND INDEMNITY |
| | JURY TRIAL DEMANDED |
| *Defendants.* | |

## COMPLAINT

Plaintiff, **AGCS Marine Insurance Company** (hereinafter "AGCS" or "Plaintiff"), brings this action against the named Defendants, **Font Insurance, Inc.** (hereinafter "Font Insurance"), **Manuel J. Font-Oronóz**, **Jane Doe** and the **Conjugal Partnership** formed by them (hereinafter Font-Oronóz) and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

2. Venue is proper in the District of Puerto Rico under 28 U.S.C. §1391(a) and (b) since the named Defendant is domiciled in this District and the acts and omissions giving rise to this action occurred in this District.

3. Plaintiff AGCS is an insurance company duly organized and existing under the laws of the State of Illinois, authorized to do business in Puerto Rico, with an office and principal place of business at 225 W. Washington Street, Chicago, Illinois 60606.

4. Defendant Font Insurance, Inc. is an insurance agent and/or broker, duly incorporated in Puerto Rico, with offices and principal place of business at 1473 Wilson Street, Suite 504, San Juan, Puerto Rico 00907

5. Defendant Manuel J. Font-Oronóz, his wife Jane Doe and the Conjugal Partnership formed by them is an insurance agent and/or broker with offices and principal place of business at 1473 Wilson Street, Suite 504, San Juan, Puerto Rico 00907.

6. Defendant ABC Insurance Company is the insurance carrier who may have furnished professional liability insurance coverage to Defendants and who may be liable to satisfy any losses related to the claims set forth herein, to pay all or part of a possible judgment entered in the instant action or to identify or reimburse for payments made to satisfy any judgment. Since discovery has not commenced as to Defendants, Plaintiff is not able to confirm the identities of all insurance carriers for the defendants or whether or not such parties may need to be brought into the action.

7. Defendants A and B are undetermined co-defendants of unknown name who under principles of contract law or tort may also be liable to Plaintiff. Once known, Plaintiff will explore amending its Complaint accordingly.

## **FACTUAL ALLEGATIONS AS TO ALL COUNTS**

8. Over the course of many years, Font Insurance, by way of its principal Font-Oronóz, procured for its clients insurance through AGCS. Defendants serve as insurance agents for its clients under insurance policies with AGCS.

9. Font Insurance's placement of insurance through and submission of claims to AGCS is and was done through electronic communication, mainly via electronic mail ("e-mail").

10. Communicating via e-mail is and was the preferred and established method of communication between Font Insurance and AGCS.

11. Prior to October 2017, Font Insurance obtained an insurance policy through AGCS (the "Subject Policy") for one of its clients, Print One, LLC ("Print One").

12. Prior to October 2017, a loss occurred, and a claim was submitted under the Subject Policy. Font Insurance, by way of Font-Oronóz, submitted the claim on behalf of Print One to AGCS via e-mail.

13. AGCS subsequently adjusted Print One's claim electronically.

14. Plaintiff then sought to finalize settlement and issue settlement funds for Print One under the Subject Policy.

15. To accomplish the settlement under the subject policy and to successfully disburse the settlement funds, AGCS relied on Defendants to act as the intermediaries between the insurance company and Print One, and to directly communicate with Print One regarding the settlement, including how and where to send the settlement funds.

16. AGCS was in frequent communication with Font Insurance, through its principal, Font-Oronóz, mainly via e-mail to effectuate this settlement under the Subject Policy.

17. Font-Oronoz's e-mail address was used to communicate with AGCS was and is, upon information and belief, an unsecured e-mail account with the domain of: mfont@fontinsurance.com.

18. So that AGCS could disburse the first partial settlement payment, in October 2017, Font-Oronóz, provided to AGCS via e-mail the wire instruction information. The wire instruction information had been relayed from Print One to Font-Oronóz.

19. Relying on the information provided by Font-Oronóz, AGCS wired the first disbursement and the first partial settlement payment was successfully received by the intended recipient.

*The Hacking Scam*

20. Upon information and belief, at some point after the first partial settlement disbursement was made and received, Font-Oronóz's e-mail and/or computer was hacked and its security compromised.

21. Upon information and belief, beginning in as early as October 2017, this hacker(s) monitored and reviewed e-mails being sent to Font-Oronoz's e-mail account and also sent e-mails from Font-Oronóz's e-mail account.

22. In December 2017, AGCS was to make a second disbursement to/for Print One after it received from Font-Oronóz's the necessary contracts signed by the insured. As with the initial payment, AGCS relied upon Font Insurance's, and particularly on Font-Oronóz's, direct communications with Print One.

23. On December 15, 2017, at 10:08 a.m., Font-Oronóz e-mailed AGCS and instructed Plaintiff "to proceed to work on the $500,000 advanced[sic] discuss las[sic] Tuesday."

24. On December 15, 2017 at 12:58 p.m., AGCS responded to Font-Oronóz, advising

that the "wire will be processed early next week."

25. Less than ten minutes later, on December 15, 2017 at 1:07 p.m., Font-Oronóz thanked AGCS for the update and provided the necessary wire transfer instructions.

26. At 1:29 p.m., on December 15, 2017, AGCS received a further e-mail from Font-Oronóz's e-mail account. The e-mail stated to "disregard the wire instruction I sent earlier, I just receive confirmation email from Print 1, they are receiving payment into there[sic] Europe alternative account. I will send you the new wire shortly".

27. Upon information and belief, this e-mail was sent by the hacker using Font-Oronóz's e-mail account.

28. AGCS responded that afternoon at 2:41 p.m., stating that it will "AWAIT THE UPDATED BANKING INFO."

29. Accordingly, on December 15, 2017 at 2:41 p.m., Font Insurance and Font-Oronóz had in its possession the fraudulent e-mail showing the false change in wire instructions.

30. The new wire instructions were then sent from Font-Oronóz's e-mail account to AGCS.

31. After receiving the new wire instructions from Font-Oronóz's e-mail account later that same afternoon, AGCS responded at 3:13 p.m.:

> Manuel,
> I don't think this will work at my end and likely cause delay. The info is not clear and I would strongly suggest that the insd[sic] remain with the prior wire instructions to avoid any problems.
> Please advise ASAP.

32. Again, on December 15, 2017 at 3:13 p.m., Font Insurance and Font-Oronóz had in their possession the fraudulent e-mails showing the false change in wire instructions.

33. At 4:07 p.m. on December 15, 2017, the alternative wire instructions were again

5

sent to AGCS from Font-Oronóz's e-mail account.

34. Despite having in its possession the fraudulent e-mails providing AGCS with incorrect wiring information, whereby AGCS was to wire hundreds of thousands of dollars to a false account, Font Insurance and Font-Oronóz did nothing.

35. Because of Font Insurance's and Font-Oronóz's inaction and failure to advise AGCS of this fraudulent information, AGCS wired the second partial settlement payment in the amount of $500,000 to the alternative account that was owned or controlled by the hacker(s) and never received by the intended party.

36. On January 10, 2018, Font Insurance, by way of Font-Oronáz, communicated with AGCS about the second partial settlement payment made on December 21, 2017. On January 10, 2018, AGCS first learned that Font-Oronóz's e-mail account had been hacked and the partial settlement payment in the amount of $500,000 had never been received by the intended recipient.

37. Immediately upon learning of the fraudulent transfer, AGCS submitted a request to the Treasury, cc'ing Font-Oronóz, requesting to freeze the wire made in December 2017.

38. On January 10, 2018, the hacker responded:

> Keep Trying is cool…I have receive[sic] the money already, I receive[sic] the money the second day you initiate[sic] the wire, maybe you should come to Turkey and collect the money
>
> Kiss My [expletive]
>
> Thank You

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST FONT INSURANCE, INC. AND FONT-ORONÓZ FOR NEGLIGENCE

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "38" of the Complaint with the same force and effect as though they were fully set forth herein.

40. Article 1802 of the Puerto Rico Civil Code provides that a "person who by act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 P.R. Laws Ann. § 5141.

41. As described herein, Defendants owed a duty to AGCS to act reasonably relating to the settlement transaction.

42. Font Insurance and Font-Oronóz breached their duty and acted negligently in a variety of ways including, without limitation:

   a. by failing to act on December 15, 2017, when put on notice on at least two occasions that the wiring instructions for the partial settlement proceeds were fraudulently altered;
   b. by allowing a third-party to gain access to its e-mail account and wrongly issue wire instructions to AGCS which resulted in $500,000 being wired to a party not entitled to receipt of the money;
   c. by using an unsecure, unencrypted e-mail account when communicating sensitive information for hundreds of thousands of dollars;
   d. by failing to ensure that the sensitive information was protected;
   e. by failing to ensure that AGCS was correctly apprised of where to wire the partial settlement proceeds at issue;
   f. by failing to identify the fraudulent activity that led to the loss; and,
   g. by failing to implement and maintain reasonable security measures and procedures to protect confidential and sensitive financial information from access or use by unauthorized people.

43. Due to these breaches, and unbeknownst to the plaintiff, AGCS received fraudulent wiring instructions and wired Five Hundred Thousand Dollars ($500,000.00) to a fraudulent account.

44. Accordingly, as a direct and proximate result of these breaches solely attributable to Defendants, AGCS has been damaged in an amount not less than Five Hundred Thousand Dollars ($500,000.00).

45. Upon information and belief, these funds are stolen and beyond any reasonable chance of recovery.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST FONT INSURANCE, INC. AND FONT-ORONÓZ FOR BREACH OF FIDUCIARY DUTY

46. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "45" of this Complaint with the same force and effect as though they were fully set forth herein.

47. The commercial and agency relationship described herein imposed a fiduciary duty upon Defendants, whereby Defendants were called-upon to act with due care, loyalty and prudence in its dealings on behalf of AGCS and AGCS's insureds.

48. In this context, and given the long-standing relationship with Plaintiff, Defendants had a duty to responsibly communicate insurance information to AGCS on behalf of its clients (i.e. AGCS's insureds). Defendants also had a duty to responsibly provide settlement information to AGCS on behalf of its clients (i.e. AGCS's insureds), including information about where AGCS should wire or send settlement proceeds.

49. Moreover, given the long-standing relationship with Defendants, Plaintiff was led to rely on and trust the accuracy and truthfulness of e-mail submissions from Font Insurance and Font-Oronóz on behalf of AGCS's insureds.

50. That by virtue of Font Insurance's and Font-Oronóz's provision of such services over the course of many years, Defendants induced Plaintiff's confidence.

51. Plaintiff reposed a special confidence in Defendants such that Defendants, in equity and good conscience, were bound to act in good faith and with due regard to Plaintiff's interests.

52. Defendants breached their fiduciary duty to Plaintiff and failed to act in good faith with regards to Plaintiff's interests.

53. Accordingly, as a direct and proximate result of Defendants' breach of fiduciary

duty, AGCS has been damaged in an amount not less than Five Hundred Thousand Dollars ($500,000.00).

### AS AND FOR A THIRD CAUSE OF ACTION
### LIABILITY AS TO ABC INSURANCE COMPANY

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "53" of this Complaint with the same force and effect as though they were fully set forth herein.

55. Defendant ABC Insurance Company has issued a policy(ies) which covers the claims made against Defendants Font Insurance and/or Font-Oronóz.

56. Therefore, Defendant ABC Insurance Company is obligated to compensate Plaintiff's losses resulting from the claims set forth herein up to the policy limits of Defendants' policy(ies).

57. Defendant ABC Insurance Company is equally liable to Plaintiff, by way of indemnification and contribution, for any and all damages caused by Defendants Font Insurance and/or Font-Oronóz, and Plaintiff hereby asserts its right to indemnification and contribution.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable, as a matter of right.

WHEREFORE, Plaintiff respectfully requests from this Honorable Court the following:

1. Grant judgment against defendants in an amount no less than $500,000.00, together with prejudgment interest, costs and reasonable attorneys' fees.

2. Grant Plaintiff such other relief, as it may deem proper and necessary under the circumstances.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 12th day of December 2018.

                                         **EDGE Legal Strategies, P.S.C.**
252 Ponce de León Ave.
Citibank Tower, Suite 1200
San Juan, Puerto Rico 00918
Tel. (787) 522-2000
Fax (787)522-2010

*s/Eyck O. Lugo*
EYCK O. LUGO, ESQ.
USDN 216708
E-mail: *elugo@edgelegalpr.com*