# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**AGCS MARINE INSURANCE COMPANY,**

**Plaintiff,**

v.

**FONT INSURANCE, INC. AND MANUEL F. FONT-ORONÓZ,**

**Defendants.**

CASE NO. 18-1951 (GAG)

## OPINION AND ORDER

AGCS Marine Insurance Company ("AGCS" or "Plaintiff") filed suit against Font Insurance, Inc. ("Font Insurance") and Manuel F. Font-Oronóz ("Font-Oronóz") (collectively "Defendants") under Article 1802 of the Puerto Rico Civil Code ("Article 1802"), P.R. LAWS ANN. tit. 31, § 5141 and a breach of fiduciary duties. See Docket No. 1. Plaintiff invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Before the Court is Defendants' Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Docket No. 13). Defendants argue that Plaintiff's complaint must be dismissed as no liability may be imposed on Defendants since Plaintiff's causes of action stem from an unforeseeable criminal act. Id. Furthermore, Defendants claim they owe no fiduciary duty to Plaintiff and aver that Plaintiff's claims against Defendant Manuel F. Font-Oronóz must be dismissed since he worked, and continues to work, as an officer of Font Insurance, Inc. Id. at 14.

After careful review of the parties' submissions and pertinent law, the Court **GRANTS in part and DENIES in part** Defendants motion to dismiss at Docket No. 13.

**Civil No. 18-1951 (GAG)**

I. **Relevant Factual Background**

Plaintiff AGCS is an insurance company duly organized and existing under the laws of the State of Illinois, authorized to do business in Puerto Rico, with an office and principal place of business at, Chicago, Illinois. (Docket No. 1 at 2). Defendant Font Insurance, Inc. is an insurance agent and/or broker, duly incorporated in Puerto Rico, with offices and principal place of business in San Juan, Puerto Rico. Id. Font-Oronóz, his wife Jane Doe and the Conjugal Partnership formed by them, is an insurance agent and/or broker with offices and principal place of business in San Juan, Puerto Rico. Id.

Font Insurance, through its principal Font-Oronóz, procured insurance for its clients through AGCS. (Docket No. 1 at 3). E-mail communications was the preferred method of communication between Font Insurance and AGCS. Id. Prior to October 2017, Font Insurance procured an insurance policy trough AGCS for its client and non-party Print One, LLC ("Print One"). Id. AGCS subsequently adjusted Print One's claim electronically and relied on Defendants to act as intermediaries between AGCS and Print One regarding the settlement, including how and where to send the settlement funds. Id.

Font-Oronóz, through his e-mail account, proceeded to provide wire information to AGCS so it could disburse the first partial settlement payment to Print One. (Docket No. 1 at 4). Relying on said information, AGCS made the first partial settlement payment on October 2017, which was successfully received by Print One. Id. AGCS claims that, at some point after the first payment was disbursed, Font-Oronóz's e-mail and/or computed was hacked. Id.

In December 2017, AGCS requested the wire information to Font-Oronóz in order to make the second payment regarding the settlement payment. (Docket No. 1 at 4). On December 15, 2017, at 10:08 A.M., Font-Oronóz e-mailed AGCS and instructed Plaintiff "to proceed to work on the $500,000 advanced[sic] discuss las[sic] Tuesday." Id. On December 15, 2017 at 12:58 P.M.,

AGCS responded to Font-Oronóz, advising that the "wire will be processed early next week." Id. Shortly after Font-Oronóz provided AGCS with the necessary wire instructions. Id. at 5.

AGCS claims that the hacker at 1:29 P.M., on December 15, 2017, through Font-Oronóz's e-mail account, sent an e-mail to AGCS stating to "disregard the wire instruction I sent earlier, I just receive confirmation email from Print 1, they are receiving payment into there[sic] Europe alternative account. I will send you the new wire shortly." (Docket No. 1 at 5). AGCS responded at 2:41 P.M. stating that it would await the updated banking information. Id.

After receiving the new wire instructions from Font-Oronóz's e-mail account later that same afternoon, AGCS responded at 3:13 p.m.: "Manuel, I don't think this will work at my end and likely cause delay. The info is not clear and I would strongly suggest that the insd[sic] remain with the prior wire instructions to avoid any problems. Please advise ASAP." (Docket No. 1 at 5). Nonetheless, at 4:07 p.m. the alternative wire instructions were again sent to AGCS. Id. at 6.

AGCS proceeded to send the second partial settlement payment in the amount of $500,000 to the alternative account that was owned by the hacker and never received by Print One. (Docket No. 1 at 6). On January 10, 2018, Font Insurance, by way of Font-Oronóz, communicated with AGCS about the second partial settlement payment made on December 21, 2017. Id. On January 10, 2018, AGCS first learned that Font-Oronóz's e-mail account had been hacked and the partial settlement payment in the amount of $500,000 had never been received by the intended recipient. Id.

**II.     Standard of Review**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. See FED.R.CIV.P. 12(b)(6), Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v.

Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678-79. Second, the Court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. Plausible means something more than merely possible and gauging a pleaded situation's plausibility is a context-specific job that compels the Court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678-79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

**III. Legal Analysis**

Defendants argue dismissal is warranted for: (1) the causes of action stem from an unforeseeable criminal act as to which no liability may be imposed (2) Defendants owe no fiduciary duty to AGCS as a matter of fact and law. (Docket No. 13 at 2). Furthermore, Defendants

**Civil No. 18-1951 (GAG)**

claim the Complaint must be dismissed against Mr. Font in his personal capacity because he worked as an officer of Font Insurance, Inc., a corporation duly registered under the laws of Puerto Rico with separate existence from that of its officers and employees. Id.

    A. <u>Unforeseeable Criminal Act</u>

AGCS sets forth claims form negligence under Puerto Rico's general tort statute, Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31 § 5141. See Docket No. 1. Article 1802 provides, in pertinent part, provides that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." Id. Thus, to prevail in an action under Article 1802, Plaintiff must show: (1) that defendants acted negligently; (2) that plaintiff suffered damages; and (3) a causal link or connection between the actions/negligence and said damages. See Gierbolini–Rosa v. Banco Popular De P.R., 121 F.3d 695 (1st Cir. 1997); Bonilla v. P.R. Highway Auth., 368 F.Supp.2d 113, 118 (D.P.R. 2005). Damage is any material or moral loss suffered by a person, either in their rights or property, brought about by a violation of a legal provision chargeable to another party. <u>Santini Rivera v. Serv Air, Inc.</u>, <u>1994 P.R.-Eng. 909</u> (P.R. 1994). The Puerto Rico Supreme Court has held that a tortious act is all-embracing, and Article 1802's concept of fault is as ample as human conduct. Id. at 8. "In most cases, the duty is defined by the general rule that one must act as would a prudent and reasonable person under the circumstances." <u>Vazquez–Filippetti v. Banco Popular de P.R.</u>, 504 F.3d 43, 49 (1st Cir. 2007). "[A] defendant only breaches this duty if he acted (or failed to act) in a way that a reasonably prudent person would foresee as creating undue risk." Id. Fault or negligence may also be based on "the omission of the steps which may be required by the character of the obligation and which may pertain to the circumstances of the persons, time, and place."

**Civil No. 18-1951 (GAG)**

Rodriguez-Quinones v. Jimenez & Ruiz, S.E., 402 F.3d 251, 254 (1st Cir. 2005) (internal citations omitted).

The issue in the present case would then be if it was foreseeable to Defendants that their e-mail could be hacked. In this stage of the case, the Court must "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. AGCS has sufficiently pleaded a claim for relief based on possible negligence by Defendants in not realizing their e-mail was hacked. The well pleaded facts, at this stage, plausibly state that Defendants might have been negligent in relation to their e-mail account and their communication with AGCS once the account was hacked. Thus, Defendant' motion to dismiss as to an unforeseeable criminal act as to which no liability may be imposed is **DENIED**.

B. Fiduciary Duty

AGCS argues that the commercial and agency relationship described herein imposed a fiduciary duty upon Defendants, whereby Defendants were called-upon to act with due care, loyalty and prudence in its dealings on behalf of AGCS and AGCS's insureds. (Docket No. 1 at 8.) Nonetheless, AGCS's claim that Defendants owed them a fiduciary duty is conclusory and not supported by the well-pleaded facts in the complaint.

AGCS concedes in the Complaint that Font Insurance is an insurance agent and/or broker. (Docket No. 1 at 2). Pursuant to the Puerto Rico Insurance Code, an insurance agent and/or broker is defined as a producer. P.R. LAWS ANN. tit. 26, § 949a. A producer is a person "that holds a license duly issued by the Commissioner to negotiate insurance in Puerto Rico. In negotiating insurance the producer shall not act as authorized representative of the insurer, except in those cases in which an appointment made according to the provisions of § 949*l* of this title is involved."

**Civil No. 18-1951 (GAG)**

Id. To be considered an authorized representative of an insurer, in this case AGCS, a producer must "subscribe a contract with the insurer through which the insurer authorizes the producer to negotiate insurance on behalf and in representation of the insurer." § 949b. Furthermore, "no person shall be issued a license in more than one of the following classifications: producer, authorized representative. . ." § 949i(6).

In the present case, Font insurance is a producer, that owes its duties to the insured (in this case, Print One). See § 949c. Not being able to be both an authorized representative and a producer at the same time, the duties owed by Font Insurance are with its clients. As AGCS claims in the Complaint, "Font Insurance, by the way of its principal Font-Oronóz, procured for its clients insurance through AGCS." (Docket No. 1 at 3). AGCS did not plead or provide any argument in the Complaint that Font insurance acted as an authorized representative of AGCS. The first time AGCS brought up said argument was in its Response in Opposition to Motion to Dismiss (Docket No. 18), where it claimed Defendants "could be deemed to be authorized representatives or general agents of AGCS." Furthermore, AGCS avers that:

> The complaint alleges that the commercial and agency relationship imposed a fiduciary duty upon defendants, whereby defendants were called-upon to act with due care, loyalty and prudence in its dealings on behalf of AGCS and AGCS's insureds (Complaint at ¶47) ; that defendants also had a duty to responsibly provide settlement information to AGCS on behalf of its clients (i.e. AGCS's insureds), including information about where AGCS should wire or send settlement proceeds (Complaint at ¶48); that given the long-standing relationship with Defendants, Plaintiff was led to rely on and trust the accuracy and truthfulness of e-mail submissions from Font Insurance and Font-Oronóz on behalf of AGCS's insureds (Complaint at ¶49); that by virtue of Font Insurance's and Font-Oronóz's provision of such services in the past, Defendants induced Plaintiff's confidence (Complaint at ¶50); and that plaintiff reposed a special confidence in Defendants such that Defendants, in equity and good conscience, were bound to act in good faith and with due regard to Plaintiff's interests.

Docket No. 18 at 14). AGCS's arguments toward there being a fiduciary duty are in fact mostly relevant to their 1802 claim under Puerto Rico law.

**Civil No. 18-1951 (GAG)**

AGCS has not plead enough facts to "raise a reasonable expectation that discovery will reveal evidence of the necessary element." Twombly, 550 U.S. at 556. AGCS did not put the Court in a position to plausibly find that there was a fiduciary duty between the parties. Nonetheless, whether there was a duty, and if in fact that duty was violated, will be analyzed in turn through the 1802 claim. Thus, Defendant's motion to dismiss as to the breach of fiduciary claim is **GRANTED**.

    C.  Claims against Font-Oronóz

Defendants aver that "there can be no liability against Font-Oronóz because "all the acts that Mr. Font undertook which ultimately led to the filing of this action were made in his capacity as an officer of Font Insurance." (Docket No. 13 at 13). The Complaint in the present case sufficiently pleads an 1802 claim against Font-Oronóz in his personal capacity based on his actions. Since the facts in this case are mostly in agreement between the parties, a fast-tracked discovery can prove helpful in deciding this issue promptly. Thus, the motion to dismiss the claims against Font-Oronóz in his personal capacity is **DENIED** until discovery is concluded.

**IV.    Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss at Docket No. 13 is **GRANTED IN PART and DENIED IN PART**. Plaintiff's breach of fiduciary claim is hereby dismissed.

**SO ORDERED.**

In San Juan, Puerto Rico this 29th day of August, 2019.

                                          *s/ Gustavo A. Gelpí*
                                          GUSTAVO A. GELPI
                                        United States District Judge