# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AGCS MARINE INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>FONT INSURANCE, INC.; MANUEL J. FONT-ORONÓZ, JANE DOE AND THE CONJUGAL PARTNERSHIP FORMED BY THEM; ABC INSURANCE COMPANY; and DEFENDANTS A AND B.<br><br>*Defendants*. | CIVIL NO. **18-cv-1951 (GAG-CVR)** |

## **REPLY TO *OPPOSITION* TO PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 55)**

**TO HONORABLE COURT:**

COMES NOW **AGCS Marine Insurance Company** ("AGCS"), and by its undersigned counsel, most respectfully STATES and PRAYS:

### I.   Introduction.

The most important takeaway from defendant's *Opposition to Plaintiff's Motion to Compel* (Docket No. 55) is that defendants went to great lengths to conceal the existence of a cyber-security report prepared on its behalf prior to the commencement of this litigation. The factual and procedural background provided in AGCS' Motion to Compel (Docket No. 50) painstakingly illustrates how defendants provided a series of clearly evasive responses when directly asked (on multiple occasions) about the existence of any actions, investigations or repots undertaken when they discovered that their systems had been subject of a cyber-security breach.

*Reply to Opposition to Motion to Compel Discovery…*
Civil No. **(GAG-CVR)**
Page 2

In the same vein, defendants were equally evasive when responding to requests for information related to defendants' various e-mail systems, including "event logs" at the time of the incident at the center of this litigation. After six (6) months of repeated requests, AGCS now learns that much of this information was destroyed *prior* to the commencement of the litigation.

AGCS submits that defendants' Opposition, instead of defeating the arguments in AGCS' Motion to Compel, actually underscores why the report prepared by Sylint Group, Inc. (hereinafter the "Sylint Report")[1] must be produced.

**II.     Reformatting of co-defendant Font's computer.**

Defendants' Opposition concedes that co-defendant Font's computer was reformatted when defendants became aware of "intrusion by a third party." This fact, by itself, makes the Sylint Report discoverable inasmuch as AGCS has a need of the materials and cannot obtain a substantial equivalent of the materials by other means. See, Rule 26(b)(3)(ii) of the Federal Rules of Civil Procedure. The undeniable fact is that defendants destroyed evidence that plaintiff would require to prepare their own assessment of defendants' e-mail and cyber-security systems.

On August 17, 2020, AGCS produced its expert report in this case. See, **Exhibit 1**. AGCS expert highlights in his report the considerable cyber-security and e-mail systems information that was requested, yet never produced, by defendants. In this regard, AGCS' expert concludes as follows:

> In conclusion, it should be understood, **that this report has completely identified what was lacking on the part of Font Insurance's Cyber Security Program as well as their non-responsive answers for request for production of the most basic Cyber Security Artifacts**.

---

[1] It is worth mentioning defendants' Opposition is the first time the name of the "Florida-based cyber-security firm" was revealed.

*Reply to Opposition to Motion to Compel Discovery…*
Civil No. **(GAG-CVR)**
Page 3

>   They even tried to invoke the Federal Rules of Civil Procedure in regards to Rule 26 on e-Discovery as a means to avoid providing basic information that is not overly burdensome and can be readily provided, which was clearly identified throughout this report. **The examples shown above in this report illustrate this completely. Therefore, requesting standard Cyber Security documents and files is not overly burdensome for a properly maintained computing environment or even a minimally instituted Cyber Security Program, which Font Insurance seems to have none**. The responses are not in the spirt of being forthright and are indicative of the inability to cooperate or a complete lack of knowledge in the area of Information Technology and Cyber Security as a whole. (Emphasis added)

See, **Exhibit 1**, p.24.

The bottom line is that AGCS could not perform a full analysis of defendants' e-mail systems because much of the information required to do so was not produced. Defendants' have conceded that much of this information has been destroyed. Yet, there is a cyber-security report prepared *specifically* in connection with the incident, which they improperly refuse to produce.

### III.    The Sylint Report is not work product.

After reviewing defendants' Opposition, and taking the statements made therein as true, AGCS may be willing to concede that whatever *legal opinion* defendants received from the law firm of Shook, Hardy & Bacon, LLP is likely protected from disclosure by the attorney work product. However, the Opposition clearly indicates that the Sylint Report is not protected by any privilege.

First, AGCS reiterates its argument that any privilege with regards to the report was waived inasmuch as defendants did not comply with the privilege log requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure. In support of AGCS contention in this regard, we have only to look at defendants' own Opposition, which discloses new information that should have been set forth months ago in a compliant privilege log.

*Reply to Opposition to Motion to Compel Discovery…*
Civil No. **(GAG-CVR)**
Page 4

Second, defendants' Opposition states that the Sylint Report was prepared so that defendants could determine their responsibility under applicable data-security regulations, such as the Puerto Rico Breach Notification Law, 10 P.R. Laws Ann. §4051, *et. seq*. These laws seek to protect the privacy of information belonging to defendants' clients shared in the ordinary course of business.

Hence, if this report was not prepared in anticipation if litigation, but rather as a required precaution in the ordinary course of business, the report is clearly not protected by the work-product doctrine.[2]

### IV. Alternative relief.

AGCS is confident of the merits of the relief sought in its Motion to Compel. However, defendants say in their motion (albeit without any evidence in support thereof) that the destruction of information by co-defendant Font would not affect the ability of an expert to perform a cyber security analysis under the same conditions as the Sylint Report. Although AGCS finds this hard to believe (mainly in light of the basic information defendants' have been unable to provide throughout discovery, as well as the passing of time since the incident), AGCS would contend that defendants would have no problem commissioning a new cyber-security report, at their own expense, to be performed by an independent, third-party expert.

If things are as defendants claim to be, <u>namely that the same conditions exist today at defendants' operations and are **the same** as the ones that existed when the Sylint Report was prepared</u>, then an independent-third party expert should be able to replicate the report. Since this

---

[2] See, *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.,* 709 F.2d 1109, 1119 (7th Cir. 1983); See also, *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367 (N.D.Ill.1972); *Hercules, Inc. v. Exxon Corp*., 434 F. Supp. 136, 150-151 (D.Del.1977); *Home Ins. Co. v. Ballenger Corp*., 74 F.R.D. 93 (N.D.Ga.1972).

*Reply to Opposition to Motion to Compel Discovery…*
Civil No. **(GAG-CVR)**
Page 5

discovery situation was caused by defendants' lack of transparency as to this issue, they should be required to bear the costs of such a report.

Finally, and as a final alternative to address the discovery impasse subject of AGCS' Motion to Compel, AGCS suggests an *in camera* review of both the legal opinion prepared by Shook, Hardy & Bacon, LLP as well as the Sylint Report.³ That way the Court can directly verify the merits of both defendants' claim of privilege as well as AGCS' arguments in response thereto.

**WHEREFORE,** plaintiff most respectfully request that the Court grant AGCS Motion to Compel and order defendants to produce the documents described herein within a term of five (5) business days.  In the alternative, ACGS requests that: (i) defendants be ordered to commission, at their own costs, an independent third party cyber-security expert to review defendants' e-mail and cyber security systems and to prepare a forensic report for production to Plaintiff; and/or, (ii) that the Court order defendants to submit both the legal opinion prepared by Shook, Hardy & Bacon, LLP as well as the Sylint Report for an *in camera* review.

**WE HEREBY CERTIFY** that on this same date preceding motion was filed with the court's CM/ECF system, which will notify all counsel of record.

 **RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of August 2020.

> **EDGE Legal, LLC**
> 252 Ponce de León Ave
> Citibank Tower, Suite 1200
> San Juan, Puerto Rico 00918
> Tel (787) 522-2000
> Fax (787) 522-2010
>
> *s/Eyck O. Lugo*

---

³ Of note if the fact that defendants did not offer to submit these documents for *in camera* review in order to afford the Court an opportunity to directly verify their claims as to privilege.

*Reply to Opposition to Motion to Compel Discovery…*
Civil No. **(GAG-CVR)**
Page 6

                Eyck O. Lugo
                USDC-PR No. 216708

                **London Fischer, LLP**
                59 Maiden Lane
                New York, New York 10038
                Tel. (212) 331-9555
                Fax (212) 972-1030

                *s/Thomas Leghorn*
                THOMAS LEGHORN, ESQ.
                *Por Hac Vice*
                E-mail: tleghorn@londonfischer.com